James L GRAEF and John P McClain, Plaintiffs,

v.

CHEMICAL LEAMAN TANK LINES, et al, Defendants.

No. 1:94–CV 0216.

United States District Court, E.D. Texas, Beaumont Division.

Aug. 4, 1994.

John Fritz Barnett, Glickman & Barnett, Houston, for plaintiffs.

V. Scott Kneese, Elizabeth Hall, Bracewell & Patterson, Houston, J. Anthony Messina, Raymond A. Kresge, Pepper Hamilton & Scheetz, Philadelphia, PA, for defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

COBB, District Judge.

Defendants removed this case asserting federal question jurisdiction arising out of the preemptive force of the Labor Management Relations Act (LMRA). Plaintiffs have moved to remand asserting that the LMRA does not preempt their state law causes of action. For the following reasons, the motion to remand is **DENIED.**

### I. FACTS

At all relevant times, plaintiffs Graef and McClain were employed by Chemical Leaman Tank Lines (Chemical Leaman) as truck drivers. The plaintiffs originally sued Chemical Leaman and other defendants in Texas state court arising out of an employment dispute.[1]

---

1. The other defendants include Chemical Lea- man Corporation, John Gallagher, Gary Bailey,

In the original petition, plaintiff Graef alleged that on December 21, 1990, he was injured on the job while driving a truck for Chemical Leaman. Graef then filed a workers' compensation claim. According to Graef, his doctor issued a release to return to work in November, 1993. However, Graef alleges that Chemical Leaman refused to permit him to return to work. The petition further alleges that "[t]he defendant corporations first claimed that they needed to evaluate [Graef's] medical condition and receive more medical information from his physician." Later, Chemical Leaman requested a physical exam. However, Graef claims Chemical Leaman was simply stalling until December 21, 1993, when his DOT certificate was scheduled to expire. After his DOT certificate expired, Chemical Leaman terminated Graef on December 28, 1993.

Similarly, plaintiff McClain alleged that he suffered an on-the-job injury. He, too, filed a worker's compensation claim. Although he has not been terminated, he alleges that the defendants have stated their intention not to allow him to return to work.

Plaintiffs claim that the defendants' conduct gives rise to various state law causes of action. Their petition alleges that the conduct vests each plaintiff with claims against each defendant for (1) wrongful discharge pursuant to Tex.Rev.Civ.Stat. § 8307c; (2) intentional infliction of emotional distress; and (3) fraud and conspiracy to defraud. (See Plaintiff's Original Petition p. 4).

On April 15, 1994, defendants removed the case, asserting LMRA preemption. In support of removal, the defendants pointed out that Graef and McClain are members of the Teamsters Union Local 988 (Union). At the time of the events in question, a collective bargaining agreement (CBA) had been reached by Chemical Leaman and the Union. According to defendants, the detailed CBA governed a wide spectrum of conduct touching on the employment relationship between management and the workers. In particular, defendants pointed to specific provisions governing (1) workers' compensation benefits; (2) the right of Chemical Leaman to select an independent medical examination; (3) the grievance procedures; and (4) seniority rights. The defendants urged that the state law claims were preempted by the LMRA because resolution of the claims required interpretation of certain provisions contained in the CBA. The defendants further asserted that certain Department of Transportation (DOT) regulations required Graef to submit to a DOT-approved physical before the defendants could release Graef to work. Finally, the defendants maintained that Graef was currently pursuing claims identical to those involved in this case in a labor grievance.

On May 17, thirty-two days after the defendants filed their notice of removal, plaintiffs filed their motion to remand this case to state court.[2]

## II. DISCUSSION

■ The legal question presented by this case is whether the LMRA preempts any of plaintiffs' state law claims. If the answer is yes, the case arises under federal law by virtue of the doctrine of "complete preemption," and the defendants' removal was proper. *See generally Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

Of course, the touchstone of the court's preemption analysis is the statute. Section 301 of the LMRA provides:

and Dennis Copeland. Gallagher is Chemical Leaman Tank Lines' terminal manager. Dennis Copeland is the Vice President of Human Resources and Labor Relations for Chemical Leaman Tank Lines, Inc. The plaintiffs' disclosures identify Bailey as a person with knowledge of Chemical Leaman's pattern and practice of terminating workers who file a compensation claim.

**2.** The court notes that the clerk's filestamp on the plaintiffs' motion to remand reflects a date of

May 19, 1994. However, the certificate of service states that the remand motion was served on May 17, 1994. Evidently, defendants do not take issue with the plaintiffs assertion that the motion to remand was filed thirty-two, rather than thirty-four, days after the notice of removal was filed. However, as demonstrated *infra*, the motion to remand was untimely regardless of whether it was made thirty-two or thirty-four days after the filing of the defendants' notice of removal.

Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Broadly interpreting section 301, the Supreme Court has concluded that "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is preempted and federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve the dispute." *Lingle v. Norge Division of Magic Chef,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1986). Consequently, each of the plaintiffs' state law claims must be considered under applicable Supreme Court law as interpreted by the Fifth Circuit.

## A. Retaliatory Discharge.

The plaintiffs' first cause of action is for retaliatory discharge. The plaintiffs claim that they were terminated (or in McClain's case, threatened to be terminated) in violation of Tex.Rev.Civ.Stat. art. 8307c. Although that statute has recently been codified at Tex.Labor Code Ann. § 451.001, its substance remains the same. Section 451.-001 precludes an employer from discharging or in any other manner discriminating against an employee because the employee has in good faith filed a workers' compensation claim. Tex.Labor Code Ann. § 451.001. The Fifth Circuit has held that, generally, the resolution of such a claim does not require an interpretation of the collective bargaining agreement. *Jones v. Roadway Express, Inc.,* 931 F.2d 1086 (5th Cir.1991), *reh'g denied,* 936 F.2d 789 (5th Cir.1991).

*Jones* began by examining the elements of the cause of action. The court noted that the plaintiff asserting such a cause of action need not prove that he was discharged solely because of his proceeding with his worker's compensation claim; he need only prove that his claim was a determining factor in his discharge. *Jones,* 931 F.2d at 1090. According to the court, "the trial court has to ascertain if retaliation was among the reasons for which [the employer] dismissed [the employee]." The court noted that the employer may have had other reasons, even reasons which the CBA justified, for firing the employee. But if retaliation was a factor, then for purposes of an art. 8307c claim, an interpretation of the CBA is not inextricably intertwined with the state law claim. *Id.*

 Consequently, the general rule is that a claim that an employer retaliated against an employee for filing a workers' compensation claim is not preempted by the LMRA. *Id.; see also Anderson v. American Airlines, Inc.,* 2 F.3d 590, 596 (5th Cir.1993). The Fifth Circuit has further noted that although the claim is not preempted, "either party may still use the CBA to support the credibility of its claims." *Jones,* 931 F.2d at 1090. In other words, although the present employers "may defend against [plaintiffs'] article 8307c claim by arguing that [their] actions were justified by the CBA and its rules ...," this fact does not transform the claim into one which requires an interpretation of the CBA. *Anderson,* 2 F.3d at 596–97.

Defendants argue that the plaintiffs are, in reality, complaining about the operation of the CBA's seniority provisions. The defendants rely on *Medrano v. Excel Corp.,* 985 F.2d 230 (5th Cir.1993). In *Medrano,* however, the plaintiff alleged that a specific provision of the CBA itself discriminated against certain employees who settled their workers' compensation claims. *Medrano,* 985 F.2d at 234. Therefore, the Fifth Circuit concluded that resolution of the claim required an interpretation of the collective bargaining agreement, and the claim was preempted.[3]

3. The *Medrano* decision emphasized from the outset that the case "[presented] a little twist in

the basic question of whether a state claim for retaliatory discharge under workers' compensa-

■ *Medrano* does not support the defendants' position. In the present case the plaintiffs have not challenged the validity of any specific provision of the CBA. The plaintiffs allege that they were retaliated against for filing a compensation claim. Although the defendants may argue that their actions were justified in light of the CBA's provisions, according to *Jones*, this does not convert the claim into one which is preempted by the LMRA. Consequently, the plaintiffs' claims for retaliatory discharge are not preempted by the LMRA.

## B. Intentional Infliction of Emotional Distress

■ However, as noted at outset, if *any* of the plaintiffs' claims are preempted by the LMRA, federal question jurisdiction exists. The plaintiffs here do not confine their case to a claim for retaliatory discharge as did the plaintiffs in Jones.[4] The present plaintiffs have also sued for intentional infliction of emotional distress.[5]

The Fifth Circuit recently analyzed a claim for intentional infliction of emotional distress under the rubric of LMRA preemption and concluded that the determination whether the employer acted wrongfully in the way it transferred the employee, required him to take different tests, and ultimately terminated him required an analysis of the employer's obligations under the collective bargaining agreement. *Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 636 (5th Cir.1994). *Burgos* relied in part on the Fourth Circuit's *en banc* decision in *McCormick v. AT & T Technologies, Inc.*, 934 F.2d 531 (4th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 912, 116 L.Ed.2d 813 (1992).

*Burgos* and *McCormick* reasoned that the plaintiff pursuing a claim for intentional infliction of emotional distress has the burden of proving wrongful conduct on the part of the defendant. The plaintiff must establish not that the defendant's conduct was wrongful in some abstract sense, but wrongful under the circumstances. *Burgos,* 20 F.3d at 636. Critically, the court stated that "the circumstances that must be considered in examining management's conduct are not merely factual, but contractual, and the collective bargaining agreement is a crucial component of these circumstances." *Id.*

In the present case, plaintiff Graef essentially alleges that Chemical Leaman intentionally inflicted emotional distress upon him by refusing to reinstate him pending an independent medical examination. Moreover, Graef claims that "the defendants' conduct was outrageous and intended to cause serious mental anguish to the plaintiff and his family, especially during the Christmas holiday when a family seeks peace and security." As the defendants point out, the CBA reserves to the employer the right to select an independent medical examination should the employer desire a second opinion. Although Graef alleges the employer was simply "stalling" until Graef's DOT certificate expired, the collective bargaining agreement reserved to the employer a right to obtain an independent medical. Graef's claim is, in essence, that the employer did not have the right to delay returning him to work, and that assuming the employer did have such a right, that the delay was unreasonable and wrongfully motivated.

The court's interpretation of Graef's suit is amplified by statements made by Graef in his

---

tion law is pre-empted pursuant to a collective bargaining agreement." *Medrano,* 985 F.2d at 231.

4. In *Jones* the court noted that the plaintiff "amended his complaint to assert solely a cause of action under article 8307c." *Jones,* 931 F.2d at 1088. Indeed, the district judge in *Jones* emphasized that the plaintiff in *Jones* had expressly withdrawn certain section 301 allegations and was instead reasserting his article 8307c claim. *Id.* The plaintiffs in the present case pleaded three independent causes of action. This case is, therefore, distinguishable from *Jones* in that the

plaintiffs have never abandoned their claims for intentional infliction of emotional distress.

5. At the hearing on this motion, counsel for plaintiff characterized his suit as a simple one for retaliatory discharge. This inaccurate characterization fails to account for the fact that the plaintiffs' petition alleges three independent causes of action. Although the three state law claims seem to stem from the same conduct allegedly committed by the defendants, the preemption analysis focuses, pragmatically, on the elements which the plaintiff must prove to satisfy each of his pleaded causes of action.

labor grievance petition (which currently pends). In his grievance, Graef states that the CBA has been breached by Chemical Leaman for numerous reasons, including a "contract violation under Article 12, section 12.1." Article 12, section 12.1 is the provision of the CBA reserving to the employer the right to select its own medical examiner or physician. To determine whether the employers' actions in "stalling" under that provision amounted to an intentional infliction of emotional distress, the court will need to assess the scope of the employer's rights under that provision. According to *Burgos*, evaluation of the claim for intentional infliction of emotional distress requires an examination of an employer's conduct allegedly taken pursuant to a specific term of the collective bargaining agreement. This state law claim is therefore preempted, and this court has federal question jurisdiction over this case. The defendants' removal was proper. *See also Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1253 (5th Cir. 1990).

### C. Fraud and Conspiracy to Defraud

The plaintiffs' fraud and conspiracy to defraud claims are inartfully pleaded. The plaintiffs do not allege which, if any, misrepresentations form the basis of these claims.[6] Without knowing what statements were allegedly made and in what context, it is difficult, if not impossible, to determine whether the plaintiffs are alleging that statements contained within or in connection with the CBA form the basis of these claims. Conse-

quently, at this point, a preemption analysis, which involves determination of whether the claim requires interpretation of the CBA, is impossible. However, the analysis is also unnecessary at this stage of the litigation. The court has concluded that the intentional infliction claim is preempted by the LMRA, and the court is satisfied that the defendants have discharged their burden of proving that removal was proper. Assuming the plaintiffs desire to pursue these fraud claims, the plaintiffs are ordered to replead these claims with particularity, in accordance with FED. R.CIV.P. 9. This will allow a determination whether resolution of these claims depends on an interpretation of the CBA.

### D. Loose Ends

Because plaintiffs' claims for intentional infliction of emotional distress are preempted, the claims present federal questions. The question remains whether the court may exercise supplemental jurisdiction over the retaliatory discharge claim, which is not preempted, in light of 28 U.S.C. § 1445(c). Section 1445(c) generally precludes removal of actions arising under state workers' compensation laws.

■■■ Although the Fifth Circuit has held that a retaliatory discharge claim "arises under" the workers' compensation laws of the state of Texas, and, therefore, is not ordinarily removable, *see Jones*, 931 F.2d at 1092, the plaintiffs have waived this procedural defect by not timely filing a motion to remand. *Williams v. AC Spark Plugs*, 985 F.2d 783 (5th Cir.1993).[7] Having waived the objec-

---

**6.** At oral argument on this matter, counsel for plaintiffs argued that the fraud claims were based on a theory known as "forced disclosure." That theory is premised on the idea that when a discharged employee seeks work elsewhere, the employee will be forced to disclose the reason for his prior termination. According to the plaintiffs, the disclosure will amount to the making of a false statement, and gives rise to a claim for fraud. However, the pleadings do not bear out the specifics of this cause of action.

**7.** The plaintiffs argue that the motion to remand was timely under 28 U.S.C. § 1447(c) because the notice of removal was served on plaintiffs by mail, and FED.R.CIV.P. 6(e) should allow them three extra days, for a total of thirty-three days in which the motion to remand may be filed.

Accepting the premise that the motion to remand was filed thirty-two days after the filing of the notice of removal, Rule 6(e) only enlarges time limits by three additional days in circumstances in which "a party has the right or is required to do some act or take some proceedings within a prescribed period *after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail.*" 28 U.S.C. § 1447(c) requires a motion to remand for procedural defects be made within 30 days after the *filing* of the notice of removal, rather than after service of the notice of removal. *See Carr v. Veterans Administration*, 522 F.2d 1355 (5th Cir.1975); *accord Rashid v. Schenck Const. Co. Inc.*, 843 F.Supp. 1081, 1084 (S.D.W.Va. 1993); *but see Chott v. Cal Gas Corp.*, 746 F.Supp. 1377 (E.D.Mo.1990).

tion, the only question is whether the case could originally have been filed in federal court. Plainly, the 8307c claim is supplemental to the intentional infliction claim, and the court could have taken jurisdiction over the supplemental claim had the plaintiffs filed suit here originally. *Baris v. Sulpicio Lines,* 932 F.2d 1540 (5th Cir.1991). Moreover, the federal courts are empowered to hear claims arising under workers' compensation law, provided a jurisdictional predicate is met. *See Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Northbrook National Ins. Co. v. Brewer,* 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989). In this case, the predicate is 28 U.S.C. § 1367 (authorizing the exercise of supplemental jurisdiction over all other claims that are so related to claims in the action within the court's original jurisdiction that they form part of the same case or controversy under Article III). Consequently, 28 U.S.C. § 1445(c) does not compel remand of the retaliatory discharge claim.

### III. CONCLUSION

The LMRA preempts the plaintiffs' claims for intentional infliction of emotional distress, and the claims, therefore, present federal questions. This court has jurisdiction over the case, and it was properly removed. Although the retaliatory discharge claims are not preempted and are ordinarily not removable due to the statutory limitation contained in 28 U.S.C. § 1445(c), the plaintiffs waived this objection by not timely moving to remand. Therefore, the retaliatory discharge claims were properly removed pursuant to the court's supplemental jurisdiction over those claims. As to the remaining claims for fraud and conspiracy to defraud, a detailed preemption analysis is, at this point, premature, and the plaintiffs are **ORDERED** to replead those claims under FED.R.CIV.P. 9 should they wish to pursue them.

The court need not consider the situation where a notice of removal is filed but never served, or served after an unreasonable delay upon the opposing party. Equitably, a party should not be deemed to have waived procedural defects in removal when the party has no notice or knowledge of the filing of the notice of removal. However, there is no indication of such

It is therefore **ORDERED** that plaintiffs' motion to remand is **DENIED**.

circumstances in this case. The plain languages of Rule 6(e) and 28 U.S.C. § 1447(c) conflict with the plaintiffs' argument on this issue. Consequently, the court agrees with the defendants that the plaintiffs' motion to remand was not timely. The objection to the non-removability of the retaliatory discharge claim has been waived.