David J. HAMMOND, O.D., Plaintiff,

v.

PEARLE VISION, INC., Defendant.

Civil Action No. 5:07–CV–78.

United States District Court,
E.D. Texas,
Texarkana Division.

March 17, 2009.

Mark C. Burgess, Mark Brandon Duch, Boyd Poff & Burgess, LLP, Texarkana, TX, Hector A. Canales, J.A. Canales, Canales & Simonson PC, Corpus Christi, TX, for Plaintiff.

Alan Neil Greenspan, Jeremy Todd Brown, Jackson Walker, Dallas, TX, Lori A. Schechter, Morrison & Foerster LLP, San Francisco, CA, for Defendant.

## ORDER

DAVID FOLSOM, District Judge.

Before the Court is Pearle's Objection (Dkt. No. 82) to Magistrate Judge Craven's Report and Recommendations ("Limitations R & R") (Dkt. No. 81) denying Pearle's Motion for Summary Judgment on Limitations (Dkt. No. 24). Also before the Court are Hammond's Objections (Dkt. No. 88) to Magistrate Judge Craven's Report and Recommendations (Dkt. No. 84) granting in part and denying in part Pearle's Motion for Summary Judgment (Dkt. No. 46), Pearle's Response (Dkt. No. 90), and Hammond's Notice of Supplemental Authority (Dkt. No. 92).

The Court held a hearing on all objections February 26, 2009. *See* Dkt. No. 94 (minute entry). Having considered the arguments of counsel and all relevant papers and pleadings, the Court finds that Pearle's Objections (Dkt. No. 82) should be

SUSTAINED and that Pearle's Motion for Partial Summary Judgment on Limitations (Dkt. No. 24) should be **GRANTED.**[1] Given this ruling, the Court additionally finds that Pearle's Motion for Summary Judgment (Dkt. No. 46) and Hammond's Objections (Dkt. No. 88) should be **DISMISSED AS MOOT.**

## I. BACKGROUND

The basic facts giving rise to Pearle's objections on limitations are not in dispute. Judge Craven's R & R sets forth the background of this case and a summary of the arguments made by Pearle and Hammond in relation to Pearle's Motion for Summary Judgment on Limitations. *See* Dkt. No. 81 at 1–3. In sum, Hammond has three causes of action remaining in this case: (1) violations of the Texas Occupations Code (the cause addressed by this order); (2) breach of contract; and (3) fraudulent inducement. The latter two causes were added in Hammond's First Amended Complaint. *See* Dkt. No. 28. For any further background, see Docket Number 81.

Pearle objects to the Limitations R & R on purely a legal basis; indeed, Hammond agreed at the hearing on this matter that the issue before the Court is purely legal. *See* Dkt. No. 82 at 2. Pearle argues that Judge Craven, in denying Pearle's summary judgment motion on Hammond's cause of action under the Texas Optometry Act—Texas Occupations Code Chapter 351—improperly applied a four year statute of limitations period rather than the two year period required by law. Dkt. No. 82 at 2–13.

## II. LEGAL PRINCIPLES

### A. De novo Review of Reports & Recommendations

Pursuant to Federal Rule of Civil Procedure 72(b)(3), upon timely objection, the Court shall conduct a de novo review of the magistrate judge's order on a dispositive matter. *See also* 28 U.S.C. § 636(b)(1)(C). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3).

### B. Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that the pleadings, affidavits and other evidence available to the Court establish that there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (construing Fed.R.Civ.P. 56(c)). An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action. *See Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir.1994) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

The party seeking summary judgment bears the responsibility of demonstrating the basis of it motion to this Court and of

---

1. Pearle's motion was originally styled as a Motion for Summary Judgment on Limitations, but Hammond was subsequently allowed to amend his complaint to include additional causes of action. *See* Dkt. No. 28. Therefore, the Court treats Pearle's Motion as one for partial summary judgment, addressing only Hammond's claim under the Texas Occupations Code.

786

identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

The non-moving party is not required to respond to a motion for summary judgment until the moving party first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley,* 992 F.2d 540, 543 (5th Cir.1993). Once the movant has shown the absence of material fact issues, however, the party opposing summary judgment has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

It is not enough for the party opposing summary judgment to rest on mere conclusory allegations or denials in his pleadings. *Topalian,* 954 F.2d at 1131. The non-moving party must point out, with factual specificity, evidence demonstrating the existence of a genuine issue of material fact on every component of its case. *See Dunn v. State Farm Fire & Casualty Co.,* 927 F.2d 869, 872 (5th Cir.1991). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. In assessing the proof, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

**C. Limitations**

The parties do not dispute, and the Court has no reason to question, that Texas law governs this dispute. *See* Dkt. Nos.

24 & 32. *See also* 28 U.S.C. § 1332 (diversity jurisdiction); *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (holding that a federal court in diversity jurisdiction must apply state substantive law).

Under Texas law, a party alleging the affirmative defense of limitations must establish (1) the applicability of the particular limitations period and (2) the date on which the limitations period began to run. *Provident Life & Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). When a statute does not contain an express limitations period, courts are to look to analogous causes of action for which an express limitations period is available either by statute or case law. *Johnson & Higgins, Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 518 (Tex.1998). To find analogous causes of action, courts must examine "the language used in the plaintiff's petition to determine what act or conduct it is really complaining about on the part of the defendant." *Gambrinus Co. v. Galveston Beverage, Ltd.,* 264 S.W.3d 283, 290 (Tex. App.-San Antonio, pet. denied); *see Int'l Printing Pressmen & Assistants' Union v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 735 (1947). The remedy sought by the plaintiff is but one factor to be considered in determining the nature of the plaintiff's claim. *Murphy v. Gruber,* 241 S.W.3d 689, 698 (Tex.App.-Amarillo, pet. denied).

**III. DISCUSSION**

The Court initially notes, as did Judge Craven, that the parties agree on the date when the limitations period began to run, which was October 2004. Dkt. No. 81 at 2, 5. As to the applicable period, after analyzing the briefing and arguments of Pearle and Hammond on the limitations issue, Judge Craven determined that because "the parties did not submit a clearly analogous cause of action ... the Court will

apply, as it did in *Aaron v. Wal–Mart*, the four year residual statute of limitations." Dkt. No. 81 at 6 (citing *Aaron*, No. 5:05–CV–26, Dkt. No. 53 at 20). Judge Craven noted that

> In *Aaron*, the defendant moved the Court to find as a matter of law that the plaintiff's claims arising under the [Deceptive Trade Practices Act] were limited to conduct occurring two years prior to the filing of suit. The defendant further asserted that because the Texas Optometry Act did not establish a limitations period, the four year residual statute of limitations should apply. The plaintiff did not dispute either contention. The Court granted the defendant's motion in this regard and held, as a matter of law, that the plaintiff may not recover under the Texas Optometry Act for any negotiations occurring or contract signed prior to four years before the filing of the action.

Dkt. No. 81 at 6–7.

Pearle argues that *Aaron* is not controlling for two reasons. First, the Court did not actually decide the issue because the limitations period was not contested by the parties. Dkt. No. 82 at 12–13. Second, because there are analogous causes of action to Hammond's claim under the Optometry Act, application of the residual four-year statute of limitations is improper. *Id.* at 10–11.

In the hearing on this matter, Hammond agreed that the period of limitations was not contested in *Aaron*, but Hammond argued that if the Court focuses on the language used by Hammond in the petition it will conclude that the most analogous cause of action is breach of contract, which carries a four-year statute of limitations.

Hammond also cites Texas Occupations Code § 351.408, entitled "Control of Optometry," which states in relevant part:

> (a) This section ... shall be liberally construed to prevent manufacturers, wholesalers, and retailers of ophthalmic goods from controlling or attempting to control the professional judgment, manner of practice, or practice of an optometrist or therapeutic optometrist.
>
> (b) In this section, "control or attempt to control the professional judgment, manner of practice, or practice of an optometrist or therapeutic optometrist" includes:
>
> . . .
>
> (3) terminating or threatening to terminate an agreement, including a lease, or other relationship in an attempt to control the professional judgment, manner of practice, or practice of an optometrist ...

Tex. Occ.Code § 351.408 (Vernon 2008).

■ The Court finds that *Aaron* is not controlling as the limitations period was not contested by the parties.[2] Even if it had been contested, however, the Court finds in this case, based on the nature of Hammond's claim, the applicable limitations period for his cause of action under the Optometry Act, Texas Occupations Code Chapter 351, is two years.

The Court finds the language used by Hammond in his complaint and subsequent pleadings, the language employed in the Optometry Act and cited by Hammond at the hearing on this matter, and the *Gambrinus* opinion all to be informative. In his original complaint, Hammond asserted causes of action for tortious interference, violation of the Texas Deceptive Trade

---

**2.** *See Aaron*, Dkt. No. 53, at 20 ("Defendant asserts that because the Act does not establish a limitations period, Plaintiff is limited by the four year residual statute of limitations on all claims arising under the Act. Plaintiff does not dispute these contentions. Accordingly, Defendant's motion shall be granted in this regard." (citation omitted)).

Practices Act (DTPA), and violation of the Texas Optometry Act. Dkt. No. 1 at 3–5. In asserting his claim for violation of the Optometry Act, Hammond stated:

> During the existence of Dr. Hammond's lease relationship with Pearle Vision, Pearle Vision ... attempted to control Dr. Hammond's professional judgment, manner of practice, or practice of optometry by setting and attempting to influence his office hours and days of operation ... [and] terminated his relationship with Pearle Vision and/or failed to renew his lease agreement with Pearle Vision, Inc., for disagreements with Dr. Hammond's professional judgment and manner of practice, because Hammond did not satisfy the demands of Pearle Vision, Inc. as to how he was to operate his optometry practice....

Dkt. No. 1 at 3. It appears to the Court from this language that the crux of Hammond's complaint is that Pearle Vision tortiously interfered or attempted to interfere with Dr. Hammond's practice.[3] Indeed, subsequent pleadings by Hammond confirms this conclusion. Once Pearle filed its motion for summary judgment on limitations, Hammond sought leave to amend his complaint. In that motion, Hammond sought to add causes of action for fraudulent inducement and breach of contract and sought to drop his claims under the DTPA and for tortious interference with business relations:

> Plaintiff has amended his complaint to assert causes of action for fraudulent inducement and breach of contract.... [H]e has likewise dropped his causes of action under the Texas Deceptive Trade Practices Act, and for tortious interference with business relations. The addi-

tional causes of actions of fraudulent inducement and breach of contract, in addition to the Texas Occupations Code violation that are already alleged in the Original Complaint, **all involve and arise out of the same type and nucleus of facts which are at issue and raised by Plaintiff's Original Complaint— the *interference, influence,* and attempts to *interfere* and *influence* Plaintiff's practice of optometry,** in violation of Tex. Occ.Code § 351.408, as set out in Plaintiff's Original Complaint.

Dkt. No. 28 at 3 (emphasis added). Thus, even Hammond characterizes his cause of action under the Optometry Act as being akin to tortious interference, which is governed by a two year limitations period. Tex. Civ. Prac. & Rem.Code § 16.003; *First Nat'l Bank of Eagle Pass v. Levine,* 721 S.W.2d 287, 289 (Tex.1986).

The Court additionally finds the language used in the Optometry Act (cited above) compels the same result. The statute employs the language "controlling or attempting to control the professional judgment, manner of practice, or practice of an optometrist" and then sets forth a laundry list of ways that such control or attempts to control may occur. *See* Tex. Occ.Code § 351.408. One of the listed ways that an optometrist's judgment or practice may be controlled, according to the Act, is through a contract or threats under a contract. *Id.* at § 351.408(b)(3). The Court disagrees with Hammond's contention that by mentioning a contract, the applicable statute of limitations period for breach of contract should apply. Rather, the Court finds that the overall nature of the violation is similar to that of tortious interference with business relations, which the Act

---

**3.** *See Leonard Duckworth, Inc. v. Michael L. Field & Co.,* 516 F.2d 952, 955 (5th Cir.1975) (applying Texas law and defining tortious interference as including wrongful or malicious interference with the lawful pursuit of a business calling, trade, or occupation (citing Restatement of Torts § 766 (1939))).

states may occur by terminating a contract or using threats under a contract to control or attempt to control the optometrist's practice. There is nothing in the language of the Act presented by Hammond that indicates there must be an underlying contract or that a violation of the Act requires a contract. In fact, the additional items listed in the Act compel the opposite conclusion—a contract is not implicated for most items listed. *See id.* at 351.408(b)-(c).

The Court also finds that the *Gambrinus* opinion instructive here. In *Gambrinus*, a beer distributor sued a beer manufacturer under the Beer Industry Fair Dealing Law (BIFDL). 264 S.W.3d at 286. The beer distributor (GB) had an exclusive agreement with the beer manufacturer to distribute three of the manufacturer's beer lines to retailers in Galveston County. *Id.* Another distributor (DP) attempted to purchase the right to distribute one of the manufacturer's lines from GB but the manufacturer would not permit the sale. *Id.* Some time later, GB sued the manufacturer under the BIFDL, claiming the manufacturer had unreasonably refused to allow GB's sale to DP. *Id.* at 287. The applicable BIFDL provision provided:

> No manufacturer shall unreasonably withhold or delay its approval of any assignment, sale, or transfer of . . . all or any portion of a distributor's assets . . ., including the distributor's rights and obligations under the terms of an agreement whenever the person or persons to be substituted meet reasonable standards imposed not only upon the distributor but upon all other distributors of that manufacturer of the same general class. . . .

Tex. Alco. Bev.Code § 102.76(a) (Vernon 2007).

The *Gambrinus* Court, like this Court, had to look to analogous causes of action because the statute at issue—BIFDL—did not contain an express statute of limitations period. 264 S.W.3d at 288. The beer manufacturer argued that the two year period applied because GB's cause of action was analogous to a tort, while GB argued that it's cause of action was more analogous to an "action for debt" and thus carried a four year limitations period. *Id.* at 289–90. The *Gambrinus* Court determined the two year period applied, concluding that "[GB] is complaining of [the manufacturer's] conduct, independent of the terms of the distribution agreement, in refusing to approve [GB's] prospective business relations with [DP]." *Id.* at 291. This court concludes, in line with the *Gambrinus* Court, that Hammond, in his cause of action under the Optometry Act, is complaining of Pearle's conduct, independent of the terms of his contract with Pearle, in interfering with his optometry practice. Accordingly, the applicable statute of limitations period in this case is two years, and Hammond's cause of action under the Optometry Act is time-barred, as it accrued on October 2004 but suit was not brought until May 2007, well past the two year period.

## IV. CONCLUSION

For the foregoing reasons, Pearle's Objections (Dkt. No. 82) are hereby **SUSTAINED** and Pearle's Motion for Partial Summary Judgment on Limitations as to Hammond's claim under the Texas Occupations Code (Dkt. No. 24) is hereby **GRANTED.** Further, Pearle's Motion for Partial Summary Judgment (Dkt. No. 46)[4]

---

4. Once again, Pearle's Motion is styled as a Motion for Summary Judgment but it only deals with one of Hammond's causes of action—violation of the Texas Occupations

Code; therefore, the Court treats this as a motion for partial summary judgment. Because this motion addresses the same cause of action as its motion for summary judgment

and Hammond's Objections (Dkt. No. 88) are hereby **DISMISSED AS MOOT.**

**IT IS SO ORDERED.**

on limitations, the Court finds this motion is now rendered moot.