**Harold F. FARRELL, Plaintiff,**

v.

**UNITED STATES TAX COURT, Defendant.**

Civ. A. No. 84-2397-S.

United States District Court,
D. Kansas.

March 20, 1985.

Harold F. Farrell pro se.

David R. House, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Benjamin L. Burgess, Jr., U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to dismiss. In considering a motion to dismiss, the factual allegations of the complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Defendant seeks to dismiss on the grounds that this court lacks subject matter jurisdiction. Plaintiff in this action had previously filed suit for redetermination of tax with the United States Tax Court for the years 1979, 1980 and 1981, in Case No. 35035-83. That case was dismissed on November 19, 1984, for failure to properly prosecute.

While that action was still pending, on or about October 12, 1984, plaintiff filed this current action. The United States Attorney was not served with a summons and complaint until November 19, 1984.

Defendant asserts that once plaintiff timely filed a petition with the Tax Court, that court obtained exclusive jurisdiction

over the case. Section 6512(a), Title 26, United States Code, provides:

(a) *Effect of petition to Tax Court.*—If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, or of tax imposed by chapter 45 for the same taxable period, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Tax Court which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive, and

(4) As to overpayments attributable to partnership items, in accordance with subchapter C of chapter 63.

■ "It is elementary, although unfortunately not well known to the layman, that the filing of a timely petition with the United States Tax Court gives that court exclusive jurisdiction ..." *Dorl v. Com-*

*missioner of Internal Revenue,* 507 F.2d 406, 407 (2nd Cir.1974).

■ The fact that the tax court has dismissed plaintiff's petition for failure to properly prosecute does not defeat the exclusive jurisdiction provision. The United States Court of Appeals for the Third Circuit was faced with a similar situation in *Fiorentino v. United States,* 226 F.2d 619 (3rd Cir.1955). In that case, the court stated, "There is good authority squarely on the point that a dismissal for want of prosecution is a sufficient determination of the case by the Tax Court to bar the taxpayer from proceeding in district court." *Id.* at 621. The court determined that the taxpayer's proper course of action would have been an appeal to the Court of Appeals.

The *pro se* plaintiff in this case argues that § 6512(a) is not applicable as there has been no proof that plaintiff is a taxpayer. Further, plaintiff argues that income is not defined within the Internal Revenue Code and is left to plaintiff's discretion. Plaintiff also argues that the jurisdiction of the United States Tax Court must fail due to fraud. Plaintiff asserts that the dismissal from the tax court was proper and held no bar to another suit in district court as an at-law action with a common law jury.

These arguments are without merit. The statutory language and supporting case law establish that this court lacks subject matter jurisdiction over this case, therefore this action must be dismissed.

■ Defendant argues for attorneys' fees and costs pursuant to 28 U.S.C. 2412(b), which provides:

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same

extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

Defendant asserts that plaintiff's complaint was frivolous and in bad faith. Defendant also asserts that Rule 11, Federal Rules of Civil Procedure, authorizes an award of costs and attorney's fees because the complaint was not well grounded in law nor warranted by a good-faith argument.

In view of the complexities of the Internal Revenue Code and the fact that plaintiff was proceeding *pro se*, the court declines to award costs or attorneys' fees to defendant in this case.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss is hereby granted. IT IS FURTHER ORDERED that defendant's request for costs and attorneys' fees is hereby denied.