**Sam PENA and Jo Nell Pena, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. H–94–0911.

United States District Court,
S.D. Texas.

Dec. 30, 1994.

Oscar Nipper, Houston, TX, A. Kelly Williams, Meyer Knight & Williams, Houston, TX, for plaintiffs.

Gregg D. Stevens, Dept. of Justice, Tax Div., Dallas, TX, for defendant.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is Defendant United States of America's ("United States") Motion to Dismiss, or alternatively Motion for Summary Judgment (Docket Entry # 13). Defendant seeks dismissal of Plaintiffs Sam Pena and Jo Nell Pena's (collectively "the Penas") complaint for failure to state a claim under FED.R.CIV.P. 12(b)(6). Alternatively, Defendant seeks summary judgment on Plaintiffs' claims on the grounds that they are barred by the doctrine of *res judicata.*

Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, this court is of the opinion that Defendant's motion should be granted and the Penas' complaint should be dismissed.

## I. *Background.*

The Penas filed an income tax return for the year 1971. Upon an audit of the return, the Internal Revenue Service ("IRS") found a deficiency and mailed a Notice of Deficiency to the Penas in December of 1975. On March 17, 1976, the Penas filed a petition in United States Tax Court ("Tax Court") challenging the deficiency assessed by the IRS on the Penas' 1971 income tax.

On July 21, 1983, the Penas' suit in Tax Court was dismissed for lack of prosecution. *Pena v. Commissioner,* No. 2302–76 (T.C. Jul. 21, 1983). The Tax Court issued an Order of Dismissal and Decision in which it found a deficiency of $41,245.28 with an addition to tax in the amount of $2,062.26. *Id.* The Penas did not appeal the Tax Court decision.

While the Tax Court case was still pending, the IRS filed an action to levy on certain proceeds that had been earmarked for distribution to the Penas in the Chapter 7 bankruptcy of Champion Racquet Club Estates, Inc. *In re Champion Racquet Club Estates, Inc.*, No. 73–H–290 (S.D.Tex. Sep. 6, 1989). On September 6, 1989, the IRS, pursuant to Bankruptcy Court order, seized approximately $30,686.68 for the purpose of satisfying the Penas' unpaid tax liability. On June 17, 1991, the Penas petitioned the IRS for a refund of the funds seized; the IRS denied their request for a refund on March 20, 1992.

The Penas filed the instant case against the United States on March 18, 1994, challenging their liability for 1971 income taxes as well as the amount levied against them by the IRS. The Penas assert in their complaint that the United States illegally and erroneously assessed and collected income taxes for the year 1971, in addition to other amounts collected, and contend that they are entitled to a refund in excess of $73,994.22.

The United States filed its motion to dismiss arguing that the Penas' complaint fails to state a claim upon which relief may be granted and, alternatively, that it is entitled to summary judgment because the Penas' claims are barred by the doctrine of *res judicata*.

## II. *Analysis.*

### A. *Failure to State a Claim and Lack of Jurisdiction.*

The United States claims that the Penas' complaint should be dismissed for failure to state a claim and lack of jurisdiction.

#### 1. *Section 6512(a).*

■ Section 6512(a) of the Internal Revenue Code of 1986 provides in pertinent part that after a taxpayer files a petition with the United States Tax Court, "no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court." 26 U.S.C. § 6512(a) (1986). The jurisdictional bar of § 6512(a) operates to prohibit any action for taxes for that taxable year. *Solitron Devices, Inc. v. United States*, 862 F.2d 846, 848 (11th Cir.1989). Section 6512(a) also prohibits the taxpayer from instituting an

action in district court after he has litigated his tax liability for those years in Tax Court. *Id.* at 849. Such an action is precluded even when the issue that the taxpayer desires to raise could not have been litigated in Tax Court because it depends upon facts that occurred subsequent to the Tax Court's decision. *Id.; Dorl v. Commissioner*, 507 F.2d 406, 407 (2d Cir.1974). Section 6512(a) bars Plaintiff (sic) from claiming any credit or refund, or from bringing a suit for refund for that same taxable year, in the absence of a statutory exception to the bar. *United States v. Dalm*, 494 U.S. 596, 606, 110 S.Ct. 1361, 1367, 108 L.Ed.2d 548 (1990).

Upon reviewing the facts of the instant case and the language of § 6512(a), it is apparent that this action falls squarely within the statutory bar. The Penas elected to file a petition for redetermination with the Tax Court, thus invoking the exclusive jurisdiction of the Tax Court. The Penas do not contend that this case falls within any of the exceptions to § 6512(a). Indeed, none of the exceptions is applicable to the Penas. The Tax Court eventually dismissed the Penas' suit for lack of prosecution. The fact that the Tax Court dismissed the Penas' petition for failure to prosecute does not defeat the exclusive jurisdiction provision of § 6512(a). *See Farrell v. United States Tax Court*, 647 F.Supp. 944, 945 (D.Kan.1985). Although the Penas could have appealed the Tax Court's decision to the Fifth Circuit, they chose not to do so. Therefore, the Tax Court's decision is final and binding. *See United States v. Rochelle*, 363 F.2d 225, 229 (5th Cir.1966).

Because the Penas litigated their tax liability for the year 1971 in Tax Court, § 6512(a) deprives this court of jurisdiction to hear the instant case.

#### 2. *Section 1346.*

■ Notwithstanding the provisions of § 6512(a), the Penas assert that this court has jurisdiction under 28 U.S.C. §§ 1340 and 1346 to consider their claims. Section 1346, however, requires full payment of the assessment as a jurisdictional prerequisite before an income tax refund suit can be maintained in a federal district court. *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4

L.Ed.2d 623 (1960). A partial payment of assessed taxes or proposed deficiency is insufficient to support jurisdiction in district court. *Boynton v. United States,* 566 F.2d 50, 52 (9th Cir.1977). A review of the pleadings reveals that as of April 21, 1994, the Penas still owed $14,835.59 to the IRS for their 1971 income taxes. Therefore, § 1346 provides no basis for this action. Accordingly, the Penas' claims must be dismissed.

### B. *Res Judicata.*

The United States further claims that the Penas' action is barred by the doctrine of *res judicata.*

■ The doctrines of *res judicata* and "claim preclusion" are designed to insure the finality of judgments and thereby conserve judicial resources and protect litigants from multiple lawsuits. *Medina v. INS,* 993 F.2d 499, 503 (5th Cir.1993). The test to determine whether *res judicata* is applicable to a particular case is well settled in this circuit: 1) the parties in a later action are identical to (or at least in privity with) the parties in the prior action; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior judgment was on the merits; and 4) the lawsuits involve the same cause of action. *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir.1994); *Eubanks v. FDIC,* 977 F.2d 166, 169 (5th Cir.1992); *Slaughter v. AT & T Info. Sys., Inc.,* 905 F.2d 92, 93 (5th Cir.1990); *Nilsen v. City of Moss Point,* 701 F.2d 556, 559 (5th Cir.1983). If these four conditions are satisfied, the parties are prevented "from raising any claim or defense in the later action that was or could have been raised in the prior action." *United States v. Shanbaum,* 10 F.3d at 310; *In re Howe,* 913 F.2d 1138, 1144 (5th Cir.1990).

■ In the case at bar, all of the conditions of *res judicata* are met. First, the parties in this action, the Penas and the United States, are identical to those in the Tax Court. Second, the Tax Court is without question a court of competent jurisdiction for this type of dispute. Third, the Tax Court's dismissal of the Penas' action for want of prosecution was a final judgment on the merits. *See United States v. Rochelle,* 363 F.2d

at 229; FED.R.CIV.P. 41(b). As the Third Circuit stated in *Fiorentino:*

> The taxpayer did file his suit for redetermination with the Tax Court. The Tax Court eventually dismissed for lack of prosecution. The taxpayer could have appealed to the Court of Appeals. He did not. The statute, we think, very effectively bars the suit in district court for recovery of the alleged overpayment. There is good authority squarely on the point that a dismissal for want of prosecution is a sufficient determination of the case by the Tax Court to bar the taxpayer from proceeding in district court.

*Fiorentino v. United States,* 226 F.2d 619, 621 (3d Cir.1955) (citing *Monjar v. Higgins,* 132 F.2d 990 (2d Cir.1943)). As noted above, the Penas' tax liability for the 1971 tax year was decided by the Tax Court in 1983. The Penas did not appeal the Tax Court decision to the Fifth Circuit and it became final. Finally, the Penas have brought the same cause of action in this court, contesting their tax liability for the year 1971, an issue that was previously determined by the Tax Court. A comparison of the petition the Penas filed in Tax Court and the complaint the Penas filed in this court reveals that both actions challenge the Penas' liability for 1971 income taxes. Therefore, because all four conditions for the application of the doctrine of *res judicata* are present, relitigation of the Penas' tax liability for the year 1971 is barred as a matter of law.

■ The Penas' claim to recover the funds levied by the IRS is similarly barred by the doctrine of *res judicata.* As the Fifth Circuit has held, "one's total income tax liability for each taxable year constitutes a single, unified cause of action, regardless of the variety of contested issues and points that may bear on the final computation." *Finley v. United States,* 612 F.2d 166, 170 (5th Cir.1980). Because the Tax Court proceedings were ongoing during the time the IRS filed its action to levy proceeds in the Bankruptcy Court, the Penas could have raised this issue in the Tax Court proceedings, yet they failed to do so. Under the doctrine of *res judicata,* the effect of a judgment extends to all issues relevant to the same claim

**158**

between the same parties, whether raised at trial or not. *United States v. Shanbaum*, 10 F.3d at 310; *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach. Inc.*, 575 F.2d 530, 535 (5th Cir.1978).

Because all four conditions of *res judicata* have been met, the United States is entitled to summary judgment on the Penas' action.

### III. *Conclusion.*

The Penas have failed to state a claim upon which relief can be granted because this court lacks subject matter jurisdiction over the suit. Accordingly, the United States' motion to dismiss is GRANTED.

Even if jurisdiction were not lacking, the claims of the Penas are barred by the doctrine of *res judicata.* Therefore, the United States' motion for summary judgment is GRANTED.