**BRENHAM COMMUNITY PROTECTIVE ASSOCIATION, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al., Defendants.**

No. A–94–CA–317–SC.

United States District Court,
W.D. Texas,
Austin Division.

July 24, 1995.

Booker T. Hogan, Jr., Law Offices of B.T. Hogan, Jr., Brenham, TX, for plaintiff Brenham Community Protective Ass'n.

Daria J. Zane, U.S. Dept. of Justice, Env. & Natural Resources Div., Gen. Litigation Section, Washington, DC, Michaelyn Giebler, Office of Gen. Counsel, U.S. Dept. of Agriculture, Temple, TX, for defendants U.S.D.A., Farmers Home Admin., Neal Sox Johnson, and Robert Faris.

Robert E. Morse, III, Crain, Caton & James, Houston, TX, for defendants Larry C. Washburn and Brenham Rural Housing, Ltd.

## *MEMORANDUM OPINION AND ORDER*

CAPELLE, United States Magistrate Judge.

The Court now considers FEDERAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO COUNT III, filed October 17, 1994 (Doc. # 26). All parties consented to this Court's jurisdiction under 28 U.S.C. § 636(c). As discussed below, the court finds that, while Plaintiff does have a right of action under the Admin-

1. Due to previous procedural rulings, Defendants Larry C. Washburn and Brenham Rural Housing, Ltd. (the Private Defendants) are not parties to this third cause of action.

Note also that the Court refers to Defendants U.S. Department of Agriculture, the Farmers Home Administration, Neal Sox Johnson, and

istrative Procedure Act and does make a sufficient showing of injuries resulting from agency action, it does not show that it falls within the zone of interests protected by the Housing Act of 1949. Therefore, the Court finds as a matter of law that Plaintiff does not have standing and that Federal Defendants are entitled to summary judgment as to count III of Plaintiff's complaint.

## I. Background

The Court discussed extensively the history of this suit and the circumstances leading to litigation in part I of its **Memorandum Opinion and Order** granting summary judgment to all Defendants on the first two causes of action stated in Plaintiff's complaint. For purposes of judicial economy, the Court incorporates part I of that Opinion here.

## II. Plaintiff's Third Cause of Action

### A. Plaintiff's Allegations against Federal Defendants [1]

Plaintiff Brenham Community Protective Association (Plaintiff or BCPA) [2] styles its third cause of action as "Request to Set Aside Wrongful Administrative Decision." Federal Defendants are responsible for administering the application and approval process of the Rural Rental Housing Loan Program run pursuant to the Housing Act of 1949, 42 U.S.C. § 1485. Plaintiff generally claims that Federal Defendants made an improper decision to grant a loan to Larry C. Washburn and Brenham Rural Housing, Ltd. (BRH) (both of these Defendants are referred to as Private Defendants) for the purposes of constructing a forty-four unit, low-income apartment community for the elderly. Specifically, Plaintiff makes the following claims:

(1) Federal Defendants relied on an obsolete and erroneous marketing analysis when deciding a need existed for public

Robert Faris collectively as the Federal Defendants.

2. Due to the many abbreviations, acronyms, and pseudonyms used in this memorandum, the Court has included a glossary of terms in the Appendix attached to the end of this document.

assisted housing for low-income senior citizens;

(2) Members of Plaintiff BCPA advised FmHA that there actually was no market for low-income housing for the elderly;

(3) Approval of the loan application was unwarranted by the facts and constitutes an arbitrary and capricious decision;

(4) Federal Defendants exceeded their jurisdiction because Private Defendants were ineligible for the loan;

(5) Construction of the proposed apartment complex will lower the property values of the surrounding area, constituting a "Taking" in violation the Fifth Amendment to the United States Constitution; and

(6) Granting the loan will adversely affect all Texas citizens because private financial institutions will lose business as a result of their inability to compete for loans with the federal government. As a result, all citizens will involuntarily subsidize BRH and truly needed funds for elderly housing elsewhere will then become unavailable.

Plaintiff seeks declaratory and injunctive relief to prevent funding of the complex.

### B. Federal Defendants Motion for Summary Judgment

Federal Defendants respond with a motion for summary judgment on count III. Federal Defendants argue that they are entitled to judgment as a matter of law on three grounds:

(1) The Housing Act of 1949, 42 U.S.C. § 1485, does not provide a private right of action because:

   (a) Congress has not waived sovereign immunity in this statute, and

   (b) There is no implied right of action;

(2) Plaintiff does not have standing to sue under the Administrative Procedures Act, 5 U.S.C. § 701, et seq., because:

   (a) Plaintiffs have not shown a redressable injury, and

   (b) Plaintiff does not fall within the zone of interests protected by the Housing Act;
   and

(3) Plaintiff's members do not have standing to sue as taxpayers.

### III. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides for summary judgment "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show the moving party to be entitled to summary judgment as a matter of law." Rule 56(e) states: "When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing there is a genuine issue for trial."

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense; however, where the movant does not bear the burden of proof at trial, summary judgment is warranted if the non-movant fails to make a sufficient showing to establish the existence of elements essential to its case. *Id.* at 322–23, 106 S.Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2554. At that point, the burden shifts to the non-moving party to produce evidence in support of its claims or affirmative defenses by affidavits or by " 'depositions, answers to interrogatories and admissions on file,' designat[ing] 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. at 2553. The non-moving party with the burden of proof must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed.R.Civ.P. 56(e); *Tubacex v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995). The non-movant has failed to

meet this standard if its response merely shows that "there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). If no such evidence is produced, "[t]he moving party is entitled to a judgment as a matter of law." *Id.* at 323, 106 S.Ct. at 2552.

In deciding whether to grant summary judgment, the court should view the *evidence* in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994) (emphasis added); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991), *cert. denied*, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

The Court must substantively evaluate the evidence offered by the moving and non-moving parties to determine whether the evidence raises a "material" fact question which is "genuine." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) A fact question is "material" if it involves "disputes over facts that might effect the outcome of the suit under the governing law." *Id.* at 248, 106 S.Ct. at 2510; *Burgos*, 20 F.3d at 635. Thus, the focus of the Court is upon disputes over material facts as supported by the evidence submitted by the parties.

The material fact dispute must be such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir.1990) (citing *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356).

In this case, before the Court will consider the merits of Plaintiff's suit, the Plaintiff bears the burden of proving it has a right of action and that it has standing to sue. Un-der the rules of summary judgment, Plaintiff, as the non-movant with the burden of proof, must bring forth factual evidence which will support a favorable ruling. So, Plaintiff must produce affidavits, depositions, interrogatories, or other evidentiary items that would carry its trial burden of showing that:

(1) Plaintiff has a right of action, and

(2) Plaintiff has standing to sue.

## IV. Discussion

### A. Does Plaintiff Have a Right of Action?

Federal Defendants argue that Plaintiff has not alleged a legitimate cause of action because Congress has not waived sovereign immunity from suit under the Housing Act of 1949. Unless Congress has waived sovereign immunity, the United States, its departments, and its employees acting in their official capacities are immune from suits. *See Williamson v. U.S. Department of Agriculture*, 815 F.2d 368, 373 (5th Cir.1987). For example, the Federal Tort Claims Act acts as a vehicle of consent, waiving sovereign immunity. *Id.* at 374.

The Housing Act of 1949, however, does not appear to waive sovereign immunity. Several circuits have noted this and ruled that the Housing Act does not explicitly, or even implicitly, grant a right of action. *See Falzarano v. United States*, 607 F.2d 506 (1st Cir.1979) (holding that tenants in a public assisted housing complex do not have a right of action under the Housing Act); *Perry v. Housing Authority of Charleston*, 664 F.2d 1210, 1213 (4th Cir.1981) (holding that tenants do not have an implied right of action); *Rohnert Park v. Harris*, 601 F.2d 1040 (9th Cir.1979) (holding that the Housing Act does not even imply a right of action for a third party who does not own land within a redevelopment project).

While Plaintiff may not have either an explicit or implicit direct right to sue under the Housing Act, it does have such a right under the Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq. See N.A.A.C.P. v. Secretary of Housing & Urban Development*, 817 F.2d 149, 152 (1st Cir. 1987). As then-Circuit Judge Steven Breyer

said, the APA allows anyone adversely affected by an agency's act to ask a court to review the agency's actions. *Id.* The APA provides that federal courts should uphold actions by a federal agency unless the courts find the acts "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C. § 706(2)(A). So, though Congress has not waived sovereign immunity nor granted an explicit right of action under the Housing Act of 1949, the Court holds that Congress, under the auspices of the APA, has granted a right of action to appeal FmHA's decision to grant a loan to Brenham Rural Housing, Ltd. Plaintiff appeals this decision in the form of the suit at hand.

### B. Standing

▪ Federal Defendants also argue that Plaintiff does not have standing under the APA. To establish standing under the APA, Plaintiff must show that:

(1) it has suffered injury as a result of the challenged action, and

(2) the injury affected rights "within the zone of interests to be protected or regulated" by the *laws the agency allegedly violated.*

See *Association of Data Processing v. Camp,* 397 U.S. 150, 152–153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970) (emphasis added) (referred to hereafter as the Camp Test). Federal Defendants allege that Plaintiff does not satisfy either part of this test.

The Camp Test first requires the Court to determine whether Plaintiff has suffered an injury as a result of FmHA's decision to grant a loan to BRH. Plaintiff's amended complaint contains only two claims of injury:

(1) construction of the proposed complex will lower property value and therefore constitute an uncompensated "taking," and

(2) Plaintiff's members as well as all Texas citizens will be forced to subsidize BRH, depriving other areas and citizens who truly "need" federally assisted housing.

In its "Opposition to Federal Defendants' Motion for Summary Judgment", Plaintiff submits two unnotarized "Declarations" [3] made by Sireta Cuerrington and Mary Colvin (members of Plaintiff BCPA) which allege more specific injury. Together, the two allege the following injuries:

(1) they suffered ill feelings, depression, and anxiety upon learning of the plans to construct the apartment complex;

(2) they suffer anxiety over the possible negative social conditions that might accompany the complex;

(3) Mary Colvin fears the aesthetics and general character of the neighborhood will deteriorate due to the alleged increased traffic and noise which might accompany the forty-four unit complex;

(4) Sireta Cuerington worries that the paved parking lot will increase water run off which flows towards her property; and

(5) Both worry that their property values will diminish as a result of the presence of another federally assisted housing complex in their neighborhood.

▪ Evidentiary material submitted to establish injury for the purposes of rebuking a motion for summary judgment on standing should show facts that an agency action "will produce imminent injury" to members of BCPA. See *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 563–564, 112 S.Ct. 2130, 2138, 119 L.Ed.2d 351 (1992). The allegations of Mss. Colvin and Cuerington, members of BCPA, make such a showing. Both "Declarations" claim harms, such as anxiety, illness, and depression, as well as possible future injuries, like loss of property and potential flooding. Potential injury can suffice to establish standing, so long as those injuries are not too distant from the minimum requirements of Article III. See *City of Rohnert Park v. Harris,* 601 F.2d 1040, 1049 (9th Cir.1979) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S.Ct. 1146, 1148–1149, 35 L.Ed.2d 536 (1973)). Federal Defendants argue that the potential harm is

---

**3.** Federal Defendants do not challenge the sufficiency of these "Declarations" as properly admissable evidence for consideration in summary judgment proceedings. Therefore, the Court considers these "Declarations" in the same manner as it would view affidavits.

only speculative, that Plaintiff cannot show that the neighborhood will lose its residential character, and that Plaintiff cannot predict the effect of the proposed complex on surrounding property values. The Court views these contentions as issues of credibility and fact. As such, Federal Defendants' arguments fail to rebut the sufficiency of Plaintiff's injury claims. Rather than show as a matter of law that Plaintiff does not meet the first part of the Camp Test for standing, Federal Defendants raise issues of fact not cognizable when considering summary judgment motions. Therefore, the Court holds as a matter of law that Plaintiff, having established an injury resulting from an agency action, has met the first part of the Camp Test.

■ Part Two of the Camp Test requires the Court to determine whether Plaintiff's injury affected rights "within the zone of interests to be protected or regulated" by the laws the agency allegedly violated. *See Association of Data Processing v. Camp*, 397 U.S. at 152–53, 90 S.Ct. at 829. To be "in the zone," a party must fall within the class of people intended to benefit from the statute. *Id.* Parties who receive only unintended or incidental benefits from statutes do not meet this requirement. *Id.*

■ Federal Defendants argue that Plaintiff is not within the zone of interests guarded by the Housing Act of 1949, 42 U.S.C. § 1485. The express purpose of the Housing Act is to provide decent housing for every American family. *See United States v. Garner*, 767 F.2d 104, 106 (5th Cir.1985). The intended beneficiaries of that statute are low-income and elderly families in need of housing. *See Moses v. Banco Mortg. Co.*, 778 F.2d 267, 272 (5th Cir.1985); *Lifgren v. Yeutter*, 767 F.Supp. 1473, 1477 (D.Minn. 1991).

Plaintiff argues that whether its interest falls within the zone of interests of the Housing Act of 1949 is irrelevant. Rather, Plaintiff contends that the proper test is whether Plaintiff's interest is protectable under any

statute. Plaintiff then proceeds to note that Federal Defendants do not dispute that Plaintiff has a protectable interest under the National Environmental Policy Act (NEPA) to maintain and preserve the quality of life in the neighborhood.

However, Plaintiff did not base its third cause of action—the one considered here—on provisions of NEPA.[4] Rather, in count III, Plaintiff seeks to overturn a decision made pursuant to 42 U.S.C. § 1485. Plaintiff cannot simply bootstrap standing on count III from its challenges under NEPA in separate counts. Plaintiff must establish its presence within the zone of interests protected by the Housing Act—the law Plaintiff alleges that the Federal Defendants misapplied.

Plaintiff does not meet this requirement. The members of BCPA are not low-income or elderly families needing housing, for they already have suitable residences. As they are not the intended beneficiaries of 42 U.S.C. § 1485, they do not fall within the zone of interests protected by that statute. Therefore, the Court holds that Plaintiff has not met the second part of the Camp Test for standing.[5] As such, Plaintiff has failed to establish standing on its third cause of action.

### V. Conclusion

Plaintiff has met only the first part of the Camp Test. Plaintiff has presented sufficient evidence to establish present and potential harm from the actions of Federal Defendants. On this first part, Plaintiff showed issues of fact more not cognizable under summary judgment proceedings. However, Plaintiff has failed to show that it meets the second part of the Camp Test—that the alleged injuries affected rights within a zone of interests protected by the Housing Act of 1949. The community members which comprise BCPA are not the intended beneficiaries of the provisions of the Housing Act. Plaintiff's complaints amount to generalized grievances, which are insufficient to establish standing. *See Lujan v. Defenders of Wild-*

---

4. The Court notes that it has granted all defendants summary judgment on those counts which claim violations of NEPA.

5. As for Federal Defendants' taxpayer-standing argument, Plaintiff responds that it does not claim standing as a taxpayer.

*life,* 504 U.S. at 572–574, 112 S.Ct. at 2143. Thus, the Court holds as a matter of law that Plaintiff does not have standing to proceed on its third cause of action, entitled "Request to Set Aside Wrongful Administrative Decision." Therefore, the Court

GRANTS **Federal Defendants' Motion for Summary Judgment as to Count III,** filed October 17, 1994 (Doc. # 26); and

DISMISSES WITH PREJUDICE all claims against Federal Defendants UNITED STATES DEPARTMENT OF AGRICULTURE, FARMERS HOME ADMINISTRATION, NEAL SOX JOHNSON, and ROBERT FARIS.

## APPENDIX

**Glossary of terms used in this opinion:**

| Abbreviation | Meaning |
|---|---|
| 42 U.S.C. § 1485 | Housing Act of 1949 (as amended) |
| APA | Administrative Procedures Act |
| BCPA | Brenham Community Protective Association (the Plaintiff) |
| BRH | Brenham Rural Housing, Ltd. |
| Federal Defendants | United States Department of Agriculture; Farmers Home Administration; Neal Sox Johnson; and Robert Faris |
| FmHA | Farmers' Home Administration |
| NEPA | National Environmental Protection Act |
| Private Defendants | Larry C. Washburn; and Brenham Rural Housing, Ltd. |