**UNITED STATES of America,
Plaintiff,**

v.

**William W. ESTABROOK,
et al., Defendants.**

**No. 3–97–CV–1527–BD (P).**

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 1, 1999.

Cynthia Ann Vance, U.S. Department of Justice, Dallas, TX, for Plaintiff.

Lane McDaniel, Law Office of Lane McDaniel, Dallas, TX, for Defendant William W. Estabrook and Mariette M. Estabrook.

DeMetris A. Sampson, Linebarger Heard Goggan Blair Graham Pena & Sampson, Dallas, TX, for Defendant Dallas County Tax Assessor Collector.

Bruce Anthony Stockard, Nichols Jackson Dillard Hager & Smith, Dallas, TX, for Defendant Sunnyvale Tax Assessor Collector.

## MEMORANDUM OPINION AND ORDER

KAPLAN, United States Magistrate Judge.

Plaintiff United States of America has filed a motion for summary judgment. For the reasons stated herein, the motion is granted.

### I.

This is a suit to set aside the fraudulent transfer of certain real property, to foreclose a federal tax lien, and to obtain a money judgment for any unpaid tax liability not satisfied by the sale of the property. Plaintiff alleges that Defendants William W. Estabrook and Mariette M. Estabrook owe federal income taxes in the amount of $89,361.75 for 1983, $87,371.01 for 1993, and $77,477.73 for 1994.[1] (Complaint ¶ 12). The 1983 tax liability was determined as a result of an audit that began in 1986. Defendants challenged this deficiency in the United States Tax Court. (Plf.App. at 21). On October 13, 1994, the Tax Court upheld the assessment. (*Id.* at 25). Defendants did not contest the tax deficiencies for 1993 and 1994. However, none of the taxes have been paid.

While their 1983 tax return was being audited, defendants established The Estabrook Family Trust. The assets of this trust were divided into two sub-trusts: The William W. Estabrook III Trust and The Mariette M. Estabrook Trust. (*Id.* at 78–100). All real and personal property owned by defendants, including property to be acquired in the future, were placed in the trusts. (*Id.* at 81). This included their residence at 219–221 Suntide Drive in Sunnyvale, Texas, which was transferred to the Mariette M. Estabrook Trust for $10.00 and "other valuable consideration." (*Id.* at 101–03). Defendants continue to live in the house and pay the mortgage

---

1. These figures represent the amount of taxes originally assessed by the Internal Revenue Service. Statutory interest and penalties con- tinue to accrue from the date of assessment until the date of payment.

despite this transfer. (*Id.* at 105, 117, 129).

Defendants are co-trustees, settlors, and beneficiaries of the trusts. (*Id.* at 78, 99–100). They receive net income from the trusts in regular installments and have sole discretion to make use of the trust assets "as they may deem prudent." (*Id.* at 80, 90). Defendants also retain the right to "amend, modify or revoke their separate Trusts under this Agreement, in whole or in part . . ." (*Id.* at 80). Although the trusts contain a spendthrift clause to protect assets from creditors, this provision is not effective until the trusts become irrevocable. (*Id.* at 82).

Plaintiff contends that defendants transferred their residence to the Mariette M. Estabrook Trust in violation of the Texas Uniform Fraudulent Transfer Act, TEX. BUS. & COMM. CODE ANN. §§ 24.005 & 24.006 (Vernon 1987 & Supp.1998). It filed this suit to set aside the transfer, foreclose on a federal tax lien against the property, and obtain a judgment for any remaining tax liability. Plaintiff now seeks summary judgment in the case. Defendants argue that there are genuine issues of material fact with respect to the amount of taxes owed for 1983, 1993, and 1994. The issues have been fully briefed by the parties and this matter is ripe for determination.

## II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Thurman v. Sears, Roebuck & Co.,*

952 F.2d 128, 131 (5th Cir.), *cert. denied,* 506 U.S. 845, 113 S.Ct. 136, 121 L.Ed.2d 89 (1992). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matter of Gleasman,* 933 F.2d 1277, 1281 (5th Cir.1991).

A movant who has the burden of proof at trial must prove every essential element of his claim or defense. *Fontenot v. The Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986); *Brenham Community Protective Ass'n v. United States Department of Agriculture,* 893 F.Supp. 665, 668 (W.D.Tex.1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *Duckett v. City of Cedar Park,* 950 F.2d 272, 276 (5th Cir. 1992). The non-movant may satisfy this burden by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters,* 5 F.3d 119, 122 (5th Cir.1993); *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir. 1986). However, conclusory statements and testimony based on conjecture or subjective belief are not competent summary judgment evidence. *Topalian,* 954 F.2d at 1131.

## III.

The threshold issue in this case is whether plaintiff can reach the assets of the various Estabrook trusts, in particular the Sunnyvale property, to satisfy defendants' outstanding tax liabilities. Plaintiff argues that "[a]ssets transferred to a revocable trust are subject to the claims of the settlor's creditors." [2] (Plf. Motion at 9). Indeed, a settlor cannot shield his assets

---

**2.** Plaintiff cites Section 112.035 of the Texas Property Code in support of its argument. However, this statute applies only to spendthrift trusts. *See* TEX. PROP. CODE ANN.

§ 112.035(d) (Vernon 1995). Although the trusts at issue contain a spendthrift clause, this provision is not effective until the trusts become irrevocable. (Plf.App. at 82).

by placing them in a revocable trust for his own benefit. *Matter of Brooks*, 844 F.2d 258, 261 (5th Cir.1988); *Matter of Johnson*, 724 F.2d 1138, 1140–41 (5th Cir.1984); *In re Witlin*, 640 F.2d 661, 663 (5th Cir. 1981). "Where a person creates a trust for his own benefit ... his ... creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit." *Bank of Dallas v. Republic National Bank of Dallas*, 540 S.W.2d 499, 501 (Tex.App.— Waco 1976, writ ref'd n.r.e.), *quoting* Restatement (Second) of Trusts § 156(2). Such is the case here. . Defendants created a revocable trust funded by all their present and future assets. (Plf.App. at 81). They receive net income from the trusts in regular installments and have sole discretion to make use of the trust assets "as they may deem prudent." (*Id.* at 80, 90). Under these circumstances, the Sunnyvale property and other trust assets are not beyond the reach of creditors.

## IV.

Defendants tacitly concede that plaintiff can reach the trust assets to satisfy any outstanding tax liability. However, they claim that there are genuine issues of material fact as to whether any such liability exists for 1983, 1993, and 1994.

### A.

■ Defendants first argue that the Certificate of Assessments and Payments attached to the summary judgment motion is not made on personal knowledge and contains hearsay. (Plf.App. at 4). The certificate provided by plaintiff merely authenticates an official transcript of the In-

ternal Revenue Service. The transcript shows all assessments, penalties, interest, abatements, credits, refunds, and advances relating to defendants for the 1983 tax year. It is not necessary for a witness who lays the foundation for such records to have personal knowledge of their accuracy. *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir.), *cert. denied*, 500 U.S. 926, 111 S.Ct. 2036, 114 L.Ed.2d 121 (1991). Nor do the records constitute hearsay. *See* Fed. R. Evid. 803(8)(A); *see United States v. Stone*, 604 F.2d 922, 925 (5th Cir.1979) (reports prepared by government agency for purposes independent of specific litigation are admissible). The Court holds that this evidence satisfies the requirements of Rule 56(e).

■ Defendants also contend that any assessments made after December 31, 1988 are barred by limitations.[3] This same argument was considered and rejected by the Tax Court. (Plf.App. at 23, 25). Defendants are therefore precluded from asserting this defense in a subsequent lawsuit. *See Solitron Devices, Inc. v. United States*, 862 F.2d 846, 848 (11th Cir.1989); *Pena v. United States*, 883 F.Supp. 154, 156 (S.D.Tex.1994), *aff'd*, 66 F.3d 320 (5th Cir.1995); *Prizer v. United States*, 11 Cl. Ct. 184, 187 (1986).

### B.

■ Next, defendants argue that plaintiff cannot prove a valid tax assessment without a properly authenticated Form 23C.[4] The Court disagrees. Defendants ignore the fact that plaintiff has submitted a Form 4340 for each of the tax years at issue.[5] This form is "presumptive proof of

---

**3.** A tax assessment must be made within three years after a return is filed, unless this period is extended by agreement of the parties. 26 U.S.C. § 6501(a) & (c)(4). Here, defendants' representative agreed to extend the time to assess taxes for 1983 until December 31, 1988. (Plf.App. at 13–16). Defendants now contend that their representative lacked the authority to agree to this extension.

**4.** A tax assessment is made "by recording the liability of the taxpayer in the office of the Secretary." 26 U.S.C. § 6203. This liability is reflected on a Form 23C. *See Stallard v. United States*, 12 F.3d 489, 491 (5th Cir.1994); *Geiselman v. United States*, 961 F.2d 1, 5 (1st Cir.), *cert. denied*, 506 U.S. 891, 113 S.Ct. 261, 121 L.Ed.2d 191 (1992).

**5.** Form 4340 is a "Certificate of Assessments and Payments" which identifies: (1) the tax-

a valid assessment where the taxpayer has produced no evidence to counter that presumption." *United States v. McCallum,* 970 F.2d 66, 71 (5th Cir.1992); *see also United States v. Caldwell,* 1993 WL 307702 at *2 (N.D.Tex. August 5, 1993). No such evidence has been adduced by defendants. Therefore, plaintiff is entitled to recover those taxes assessed for 1983, 1993, and 1994.

### V.

■ The remaining issue is whether plaintiff can enforce its tax lien by foreclosing on the Sunnyvale property. Section 7403(a) of the Tax Code provides that the government may "subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a). This right attaches even if the property is classified as homestead under state law. *See United States v. Rodgers,* 461 U.S. 677, 690–94, 103 S.Ct. 2132, 2141–42, 76 L.Ed.2d 236 (1983); *but see* 26 U.S.C. §§ 6334(a)(13)(B) & 6334(e)(1) (government cannot levy on principal residence of taxpayer without court approval). Although the statute is not mandatory, defendants have offered no evidence or argument against immediate foreclosure. *See United States v. Boyd,* 246 F.2d 477, 481–82 (5th Cir.), *cert. denied,* 355 U.S. 889, 78 S.Ct. 261, 2 L.Ed.2d 188 (1957); *United States v. Jensen,* 785 F.Supp. 922, 924 (D.Utah 1992); *United States v. Myers,* 1976 WL 1069 at *2 (D.Mont. June 14, 1976). The Court therefore finds that plaintiff is entitled to foreclose on its federal tax lien and sell the Sunnyvale property in accordance with 28 U.S.C. § 2001, *et seq. See* 26 U.S.C. § 7403(c); *Rodgers,* 103 S.Ct. at 2142.

### *CONCLUSION*

The Court concludes that there are no genuine issues of material fact and plaintiff is entitled to judgment as a matter of law. Accordingly, plaintiff's motion for summary judgment is granted.

SO ORDERED.

payer; (2) the character of liabilities assessed; (3) the applicable tax periods; and (4) the amount of the assessment. The certificate is signed by the assessment officer. *See* Treas. Reg. § 301.6203–1; *Taylor v. I.R.S.,* 69 F.3d 411, 419 (10th Cir.1995).