320 F.3d 1113
 Brian Homer March and Victoria Baca March, Plaintiffs-Appellants
v.
Internal Revenue Service, Defendant-Appellee.
 No. 02-2087.
 United States Court of Appeals, Tenth Circuit.
 February 25, 2003.
 
 Submitted on the briefs:[1]
 Paul F. Becht of the Becht Law Firm, Albuquerque, NM, for Plaintiffs-Appellants.
 David C. Iglesias, United States Attorney, and Manuel Lucero, Assistant U.S. Attorney, District of New Mexico, Albuquerque, NM, for Defendant-Appellee.
 Before KELLY, McKAY, and MURPHY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 This is a review of a decision by the bankruptcy court denying Appellants' objection to the IRS's proof of claim for unpaid taxes. The facts, as found by the bankruptcy court and unchallenged by Appellants, indicate that Appellants did not file a tax return or pay income tax for the years 1992 through 1997. As part of Appellants' bankruptcy proceeding, the IRS filed a proof of claim for unpaid taxes. Appellants objected to the proof of claim, arguing that the IRS failed to comply with certain requirements of the Internal Revenue Code and Treasury Regulations. The bankruptcy court dismissed the objections. On appeal, the district court adopted the recommendation of the magistrate judge and dismissed the appeal.
 
 
 2
 On appeal to this court, Appellants make two claims: (1) that Appellants were never served with the requisite deficiency notices, and (2) that the form provided by the IRS did not contain a seal of the district director of the IRS. Specifically, Appellants claim that the IRS is required to complete a Summary Record of Assessment on Form 23C. We review the district court's legal determinations de novo. See In re Hedged-Investments Associates, Inc. 84 F.3d 1267, 1268 (10th Cir.1996).
 
 
 3
 With respect to the first claim, Appellants argue that, pursuant to 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1, the IRS must provide a taxpayer, upon request, with an assessment of taxes due. They further allege that the assessment must be made on Form 23C and signed by an authorized officer of the IRS. In response to Appellants' request for a proof of claim for unpaid taxes, the IRS provided Certificates of Assessments and Payments on Form 4340. Appellants assert that Form 4340 does not meet the requirements of the regulations. Title 26 U.S.C. § 6203 simply provides that [t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.
 
 
 4
 The regulations accompanying this statute provide that "[t]he assessment shall be made by an assessment officer signing the summary record of assessment." 26 C.F.R. § 301.6203-1 (2002). The regulations further provide that the summary record of assessment shall include certain information and that upon a taxpayer's request, "he shall be furnished a copy of the pertinent parts of the assessment which set forth [certain information]." Id.
 
 
 5
 As Appellants note, the IRS has historically used Form 23C as the "Summary Record of Assessments" or "Assessment Certificate," as explained in the Internal Revenue Service Manual. As Appellants concede, however, the Service Manual is not binding on this court. Furthermore, no regulation or statute requires that the "copy of the record of the assessment" mentioned in 26 U.S.C. § 6203 be made on Form 23C.
 
 
 6
 Nevertheless, regardless of the form used, the IRS must comply with the regulations governing the assessment process. The purpose of these regulations is to ensure both the efficiency and the accuracy of the assessment process. The signature requirement in 26 C.F.R. § 301.6203-1 appears to serve multiple purposes. The requirement ensures that an assessment officer reviews the assessment before it is sent to the taxpayer, and the placing of the officer's signature establishes an effective date of the assessment that is relevant for certain timing requirements. Historically, the document reviewed and signed by the assessment officer has been Form 23C.
 
 
 7
 To ensure the taxpayer's ability to challenge alleged errors in the assessment process, the regulations allow the taxpayer to request a copy of certain parts of the assessment record. However, the courts have generally held that the IRS need not provide a taxpayer with a copy of Form 23C. Instead, the courts have held that the IRS may submit Certificates of Assessments and Payments on Form 4340. Form 4340 details the assessments made and the relevant date that a Summary Record of Assessment (Form 23C) was executed. The courts have also held that these Certificates on Form 4340 "are presumptive proof of a valid assessment." See Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir.1992) (quotations and citations omitted); United States v. Tempelman, 111 F. Supp.2d 85, 90-91 (D.N.H. 2000), aff'd, 2001 WL 725370 (1st Cir. June 26, 2001); United States v. Estabrook, 78 F. Supp.2d 558, 561-62 (N.D.Tex. 1999).
 
 
 8
 Form 23C has been replaced by a computer-generated report (Form 4340) and Form 23C is now only used when the computer is unavailable. See Erickson v. United States, 1990 WL 322794 at *7 (W.D.Wash. Aug. 15, 1990). Therefore, as the IRS concedes in its brief, Form 23C is not generally used. Nevertheless, since Form 4340 contains the same information contained on Form 23C and since Form 4340 is certified and signed in essentially the same manner as Form 23C, the courts have treated Form 4340 as establishing a presumption that the assessment was proper.
 
 
 9
 In reality, the courts have created a legal fiction in which the submission of Form 4340, which lists a "23C Date," creates a presumption that a Form 23C was signed. While the courts have said that this presumption is rebuttable by the taxpayer, the IRS concedes that "when the Debtors argue that the 23C Forms were never produced, it is because they probably do not physically exist." Aple. Br. at 15 n. 2. In other words, the IRS gets the benefit of a presumption that they admit is likely false.
 
 
 10
 Nevertheless, the efficient operation of the IRS requires that the process be allowed to improve with technological advances. The IRS has developed technology whereby a computer performs the step that was formerly completed manually on Form 23C. The information is then compiled on Form 4340, signed by a certifying officer and provided to the taxpayer. Since the regulations do not specifically require the use of Form 23C but merely that an assessment provide certain information and be signed by an assessment officer, Form 4340 appears to meet the regulatory requirements. In other words, the signing of Form 4340 itself satisfies the regulations, and we need not presume the fiction that a Form 23C was signed. Therefore, in cases where a Form 23C is not completed and signed, the signing of Form 4340 itself establishes the effectiveness of the assessment, and relevant time periods run from the signing of Form 4340, not the fictional signing of Form 23C.
 
 
 11
 As the magistrate judge found, the Certificates of Assessment provided to Appellants on Form 4340 were certified and valid. Therefore, Appellants' first claim has no merit.
 
 
 12
 The Appellants' second claim asserts that, even if the IRS is permitted to file its proof of claim on a form other than Form 23C, the substitute form must be certified with the seal of the district director pursuant to 26 C.F.R. § 301.7514-1 (c), (d). As an initial matter, Appellants have waived this claim by not raising it in the bankruptcy court. Furthermore, the claim is clearly invalid since the forms sent by the IRS contained the seal.
 
 
 13
 The regulations cited by Appellants merely provide that the various official seals of certain offices of the IRS may be used in lieu of the seal of the Treasury Department when the attestation or certification is required of an officer in that office. The regulations further provide that courts must take judicial notice of the various seals of the IRS. 26 C.F.R. § 301-7514-1(c), (d). The regulations merely require that the assessments be signed by "an assessment officer," which is appointed by the district director. 26 C.F.R. § 301.6203-1 (2002). Form 4340 complies with this requirement.
 
 
 14
 After a thorough review of the record and the briefs, we conclude that the district court did not err in dismissing the appeal. AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f). The case is therefore submitted without oral argument